## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROBIN T. DISMUKE, | CIVIL ACTION 1:16-cv-07630 |
|     Plaintiff, | |
| v. | COMPLAINT |
| CONVERGENT OUTSOURCING, INC., | |
|     Defendant. | JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW COMES Plaintiff, ROBIN T. DISMUKE ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CONVERGENT OUTSOURCING, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the TCPA and FDCPA, and 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

PARTIES

5.  Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

6.  Defendant is a Washington corporation located at 800 S.W. 39th Street, Renton, Washington 98057 and its registered agent in Illinois is C T Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant operates debt collection business that engages in collecting or attempting to collect, directly or indirectly, defaulted loans owed or due or asserted to be owed or due to others using the mail and telephone nationwide, including in the State of Illinois.

FACTS SUPPORTING CAUSE OF ACTION

7.  On or before January 2015, Plaintiff incurred a credit card debt for personal, family, and household purposes ("subject debt," or "subject loan").

8.  Sometime thereafter, Plaintiff lost his job and fell behind on his credit card payments leading him to default on the subject debt.

9.  In March of 2015, the subject debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the subject debt.

10. Later that month, Defendant began placing unwanted collection calls to Plaintiff's cellular telephone ending in 9000. Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

2

11. In March of 2015, Plaintiff answered a phone call from a representative of Defendant, in which he repeatedly requested Plaintiff to pay the subject debt or they will seek other avenues of collection. In response, Plaintiff demanded that Defendant stop placing calls to his cellular phone.

12. At no time did the Defendant's representative disclose to Plaintiff the mini-Miranda warning during Defendant's telephone communications in which Defendant attempted to collect the subject debt.

13. In April of 2016, Plaintiff answered a phone call from a representative of Defendant. After listening to Defendant's collection attempt, Plaintiff advised Defendant that he could not pay the subject debt because he was unemployed. Furthermore, Plaintiff again requested that Defendant cease placing collection calls to his cellular phone.

14. Defendant responded by stating that if the subject debt was not paid, then Defendant will put Plaintiff behind bars. Furthermore, Defendant stated that they will collect the subject debt one way or another.

15. Notwithstanding Plaintiff's request that the calls cease, Defendant placed or caused to be placed an average of 3 calls per week between March of 2015 through July of 2015, with calls taking place several times in one day, up to 3 times per day, and on the weekends.

16. Between March 2015 and July 2015, Defendant has placed no less than 25 calls to Plaintiff's cellular phone.

17. Throughout this period, Plaintiff answered several calls from Defendant and, during each call, Plaintiff reiterated that he could not pay the subject debt and for Defendant to stop harassing him. Furthermore, he requested that Defendant cease placing collection calls to his cellular phone.

18. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

19. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

20. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

### DAMAGES

21. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, depression, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, waste of time and causing the risk of personal injury due to interruption and distraction, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to ensure that Defendant cease its collection tactics, incurring costs and expenses traveling to and from his attorney's office.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

30. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

31. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

32. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

33. Defendant violated the TCPA by placing no less than 25 calls between March 2015 and July 2015 to Plaintiff's cellular phone, using an ATDS without his prior express consent. Moreover, Plaintiff demanded that Defendant cease calls to his cellular phone on no less than 2 separate occasions during the phone calls he answered.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

35. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff ROBIN T. DISMUKE requests that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

6

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

41. The subject debt arose from a credit card provided by the Creditor which were primarily for family, personal or household purposes, which qualifies as a "debt" as defined by FDCPA §1692a(5).

42. Defendant qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

43. Defendant used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

44. Defendant violated 15 U.S.C. §§1692d, d(5), e(4), e(11), and §1692f as follows:

### a.  Violation of  FDCPA §1692d

45. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment of the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 2 separate occasions.

46. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and attempting to engage him in conversations regarding the collection of the subject debt.

### b.  Violation of  FDCPA §1692e(4)

47. Defendant violated §1692e(4) by representing or implicating that nonpayment of the subject debt will result in the arrest or imprisonment of Plaintiff in one or more calls placed by Defendant to Plaintiff. Defendant explicitly stated that if the subject debt was not paid, then

Defendant will put Plaintiff behind bars and that the subject debt would be collected one way or another.

48. Defendant violated §1692e(11) by failing to disclose to Plaintiff the mini-Miranda warning during Defendant's telephone communications in which Defendant attempted to collect the subject debt.

**c.   Violation of  FDCPA §1692f**

49. Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the subject debt by placing incessant phone calls to Plaintiff's cellular phone attempting to dragoon Plaintiff into paying the subject debt.

50. Moreover, Defendant violated §1692f by stating that if the subject debt was not paid, then Defendant will put Plaintiff behind bars.

51. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

WHEREFORE, Plaintiff ROBIN T. DISMUKE requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

52. Plaintiff restates and realleges paragraphs 1 through 25 as through fully set forth herein.

53. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

54. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

55. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff, and the subject debt. Defendant specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in its regular course of business.

56. Defendant violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect a the subject debt from Plaintiff.

**a. Unfairness**

57. It was unfair for Defendant to seek to collect the subject debt from the Plaintiff through relentless harassing phone calls to his cellular phone attempting to induce him into making a payment.

58. It was unfair for Defendant to place or cause to be placed no less than 25 phone calls to Plaintiff's cellular phone from March 2015 through July 2015, without his consent, with calls taking place several times in one day, up to 3 times per day, and on the weekends.

59. It was unfair for Defendant to continue placing calls to Plaintiff after he demanded that the calls cease on no less than 2 separate occasions.

60. It was unfair for Defendant to fail to disclose to Plaintiff the mini-Miranda warning during Defendant's telephone communications in which Defendant attempted to collect the subject debt.

61. It was unfair for Defendant to represent or implicate that nonpayment of the subject debt will result in the arrest or imprisonment of Plaintiff in one or more calls placed by Defendant to Plaintiff. Defendant explicitly stated that if the subject debt was not paid, then Defendant will put Plaintiff behind bars and that the subject debt would be collected one way or another.

62. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to his cellular phone.

63. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of  invasion of privacy.

64. Upon information and belief, Defendant systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

65. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

66. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies that legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

67. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

68. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the innumerable phone calls.

WHEREFORE, Plaintiff ROBIN T. DISMUKE requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against Defendant;

b.   Award Plaintiff his actual damages in an amount to be determined at trial;

c.   Award Plaintiff his punitive damages in an amount to be determined at trial;

d.   Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.   Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: July 27, 2016                                    Respectfully Submitted,

                                                       /s/ Omar T. Sulaiman
                                                       Omar T. Sulaiman, Esq. ARDC#6322837
                                                       *Counsel for Plaintiff*
                                                       Sulaiman Law Group, LTD
                                                       900 Jorie Blvd, Ste 150
                                                       Oak Brook, IL 60523
                                                       Telephone: (630) 575-8181
                                                       Facsimile: (630) 575-8181
                                                       osulaiman@sulaimanlaw.com